WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hamilton Mortgage Company, | No. CV-06-3090-PHX-SMM |
| Plaintiff, | |
| v. | **ORDER** |
| Carteret Mortgage Corp., | |
| Defendant. | |

Pending before the Court is Defendant's Unopposed Motion to Transfer and Consolidate (Doc. 29). Defendant seeks to consolidate *Morgan Stanley Mortgage Capital, Inc. v. Hamilton Mortgage Company v. Carteret Mortgage Corporation*, 2:07-cv-868-ROS ("the Second Action") into *Hamilton Mortgage Company v. Carteret Mortgage Corporation*, 2:06-cv-3090-SMM ("the Original Action"), both of which are pending in the United States District Court for the District of Arizona.[1]

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[w]hen actions involving a common question of law or fact are pending before the court, it may . . . order the actions consolidated." Fed.R.Civ.P. 42(a). Similarly, LRCiv 42.1 provides that consolidation is appropriate when two or more cases are pending before different Judges any

---

[1] *Morgan Stanley Mortgage Capital, Inc. v. Hamilton Mortgage Company v. Carteret Mortgage Corporation*, 2:07-cv-868-ROS, is currently pending in front of District Court Judge Roslyn O. Silver. Therefore, Defendant seeks to transfer that case to District Court Judge Stephen M. McNamee.

1  party believes that such cases, *inter alia*, "arise from substantially the same transaction or
2  event" or "involve substantially the same parties or property."

3  On November 22, 2006, Hamilton Mortgage Company ("Hamilton") filed a
4  Complaint against Carteret in the Superior Court of Arizona, Maricopa County. Thereafter,
5  on December 26, 2006, Carteret removed the action to the United States District Court for
6  the District of Arizona, where it is docketed as *Hamilton Mortgage Company v. Carteret*
7  *Mortgage Corporation*, 2:06-cv-3090-SMM. The Complaint included a single claim for
8  breach of contract arising out of a residential mortgage loan brokered to Hamilton by Carteret
9  (the "Subject Loan").

10  After the Original Action was filed, Morgan Stanley Mortgage Capital, Inc. ("Morgan
11  Stanley"), filed a Complaint against Hamilton in the Superior Court of Arizona, Maricopa
12  County, on February 15, 2007, relating to its purchase of the Subject Loan. Hamilton
13  subsequently filed a Third-Party Complaint against Carteret. The Complaint is substantially
14  identical to the Complaint filed in the Original Action.

15  On April 25, 2007, Carteret removed the Second Action to the United States District
16  Court for the District of Arizona, where it is docketed as the Second Action, *Morgan Stanley*
17  *Mortgage Capital, Inc. v. Hamilton Mortgage Company v. Carteret Mortgage Corporation*,
18  2:07-cv-868-ROS.

19  The Original Action and the Second Action arise from the same set of operative facts;
20  each seeks to establish contract rights and liabilities among the parties relating to the Subject
21  Loan, which was allegedly closed under fraudulent circumstances. The cases involve
22  common questions of law and fact, as is evidenced by the fact that the Complaint in the
23  Original Action is substantially identical to the Third-Party Complaint in the Second Action.
24  Because both cases involve a common question of fact, judicial economy favors
25  consolidation. Thus, the Court finds that litigating these cases before the same judge as a
26  consolidated action will avoid unnecessary litigation costs and preserve judicial economy.
27  Moreover, transfer and consolidation of the Second Action into the Original Action will
28  allow for the efficient resolution of the controversy among the parties, and will ensure that

inconsistent verdicts do not arise in the two cases. Therefore, the Court finds consolidation to be appropriate under Fed.R.Civ.P. 42(a) and LRCiv 42.1.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Consolidate and Transfer filed by Carteret, with the consent of the other parties, is **GRANTED**.

**IT IS FURTHER ORDERED** that all future filings relating to these cases shall be filed in **CV 06-3090-PHX-SMM**.

**IT IS FURTHER ORDERED** that a copy of this Order shall be provided to District Court Judge Roslyn O. Silver.

**IT IS FURTHER ORDERED** that a Preliminary Pre-trial Conference is scheduled for **August 20, 2007, at 2:00p.m.** In preparation for the Preliminary Pretrial Conference, all parties should refer to and comply with the Rule 16 Order entered on April 16, 2007, (Doc.24).[2]

DATED this 6th day of June, 2007.

_____
Stephen M. McNamee
United States District Judge

---

[2] With the exception of the date set forth in the Order for the Preliminary Pretrial Conference (Doc. 24), the parties are to comply in full with the April 16 Order (Doc. 24).

- 3 -